UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY GODFREY, JR. | CIVIL ACTION |
| VERSUS | NO. 24-2449 |
| UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, ET AL. | SECTION: "P" (3) |

## ORDER AND REASONS

Before the Court is a motion filed by *pro se* Plaintiff Johnny Godfrey, Jr. (R. Doc. 3). Mr. Godfrey seeks the appointment of *pro bono* counsel to represent him in this matter pursuant to Section 706(f) of the Civil Rights Act of 1964 (the "CRA"). Section 706(f), however, empowers courts to appoint counsel only for individuals pursuing claims of employment discrimination under Title VII of the CRA. 42 U.S.C. § 2000e-5(f)(1). Mr. Godfrey's factual statement of his claim reads, in its entirety:

> Complaint of Judicial Misconduct. Get me what I am entitled to in the relief section from those wrongful dismissed parties, then a closure of my case behind a mistake on a lawsuit form titled California. Deal is this, I'll drop this complaint against the Fifth Circuit courthouse of appeals and parties involved in this case and the 2nd complaint, which a default judgement should have been entered by the Western District of Lafayette La. and especially due' to the topic of what was stated in the facts of those cases, I should have been granted motion for relief yet wasn't and I was on time. If get my relief from those dismissed parties.[1]

Even with the benefit of liberal construction afforded to a *pro se* litigant, this complaint cannot be construed to assert a Title VII claim. Mr. Godfrey's factual

---

[1] R. Doc. 1 at 4.

1

assertions in no way relate to employment discrimination. Section 706(f) thus does not permit the appointment of counsel in this matter, and Mr. Godfrey does not argue he should be appointed counsel by any other mechanism.

Accordingly;

**IT IS ORDERED** that the Motion for Appointment of Counsel (R. Doc. 3) is **DENIED**.

New Orleans, Louisiana, this 30th day of October, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE