UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNNY GODFREY, JR.                          CIVIL ACTION

VERSUS                                       NO. 24-2449

UNITED STATES COURT OF APPEALS               SECTION: "P" (3)
FOR THE FIFTH CIRCUIT, ET AL.

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Johnny Godfrey, Jr. filed the above-captioned suit naming as defendants the United States Court of Appeals for the Fifth Circuit, "Case Manager Whitney," and "Judges - Willet, & Oldham."[1] Plaintiff's motion for leave to proceed *in forma pauperis* was referred to the undersigned for determination.[2]

The Court determined that Plaintiff had shown financial eligibility and thus granted that motion.[3] It ordered summons withheld, however, in order to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the other requirements of the federal in forma pauperis statute, 28 U.S.C. § 1915.[4] The Court noted that Plaintiff's Complaint facially fails to state a claim upon which relief can be granted and provides no apparent basis for this Court's exercise of subject matter

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 5.
[4] *Id.* at 2–6.

1

jurisdiction.[5] Accordingly, it ordered Plaintiff to file a written statement to show cause why his case ought not be summarily dismissed.[6] Plaintiff filed a timely response.[7]

Having now determined that Plaintiff's supplemental briefing fails to cure fatal deficiencies the Court identified in his Complaint, the undersigned recommends this matter be dismissed prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

## I.    Applicable Law

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that**--
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune

---

[5] *Id.*
[6] *Id.* at 6.
[7] R. Doc. 8.

2

from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, federal courts are courts of limited jurisdiction. They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). As the Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Because "subject-matter jurisdiction . . . involves a court's power to hear a case, [it] can never be forfeited or waived." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party[.]" *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "If the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.    Discussion

The factual allegations in Plaintiff's complaint read, in their entirety:

> Complaint of Judicial Misconduct. Get me what I am entitled to in the relief section from those wrongful dismissed parties, then a closure of my case behind a mistake on a lawsuit form titled California. Deal is this, I'll drop this complaint against the Fifth Circuit courthouse of appeals and parties involved in this case and the 2nd complaint, which a default judgement should have been entered by the Western District of Lafayette La. and especially due' to the topic of what was stated in the facts of those cases, I should have been granted motion for relief yet wasn't and I was on time. If get my relief from those dismissed parties.[8]

Plaintiff elaborates on these allegations somewhat in his supplemental briefing. He asserts that "judicial officers of the Fifth Circuit engaged in actions outside their judicial capacity by issuing biased rulings influenced by external factors, failing to provide fair adjudication, and obstructing my ability to present my case effectively" and "infringed upon my First Amendment right to petition the courts for redress of grievances. By manipulating procedural aspects and dismissing my case without adequate review, they effectively denied me access to justice."[9] Plaintiff argues this Court may exercise both federal question jurisdiction and diversity jurisdiction over his claims, but points to no statute or provision under which he seeks relief and identifies all named parties as citizens of Louisiana.[10]

Even with the benefit of an opportunity for supplemental briefing, Plaintiff

---

[8] R. Doc. 1 at 4.
[9] R. Doc. 8 at 2.
[10] R. Docs. 1 at 3–4; 8 at 1.

fails to state any claim sufficient to avoid summary dismissal under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations relate exclusively to his disagreement with the disposition of lawsuits he filed in other courts. Plaintiff appears to have filed this case in a troubling attempt to obtain leverage over the Fifth Circuit and its judges to elicit a ruling in his favor.

Although this Court must construe *pro se* filings liberally, *pro se* litigants "are not permitted to make baseless attacks against the judiciary." *Washington v. Nat'l Educ. Ass'n*, 497 F. App'x 436, 438 (5th Cir. 2012) (observing that a pro se litigant's complaint relative to judicial misconduct did not "set forth facts giving rise to a claim on which relief may be granted") (quotation omitted). While a complaint need not contain detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff provides no factual support whatsoever for his claims of judicial misconduct.

Moreover, judges are generally entitled to absolute immunity from suits for damages. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (collecting cases). The Supreme Court's "cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. 9 at 11 (internal citations omitted). Plaintiff argues judicial immunity

does not apply in this case because he "contends that the Defendants' biased rulings and procedural manipulations were non-judicial acts aimed at obstructing justice." But Plaintiff does not contend that any defendant lacked jurisdiction to issue said "biased rulings," and a judge's substantive or procedural rulings are quintessential judicial actions. It is well established that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). That is, a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988). Thus, even if the Court were to assume Plaintiff's wild and utterly unsupported allegations of judicial bias, judicial immunity would preclude his claims and render them subject to dismissal for failure to state a claim upon which relief can be grounded.

Finally, it is plain that "[j]udicial misconduct proceedings are not a substitute for the normal appellate review process and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge." *In re Complaint of Jud. Misconduct*, No. 23-90082, 2024 WL 4377658, at *1 (9th Cir. Oct. 3, 2024). 28 U.S.C. § 351 instructs that judicial misconduct complaints are to be filed "with the clerk of the court of appeals." Rule 7(a)(1) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings states specifically that "a complaint against a judge of a United States court of appeals . . . must be filed with the circuit clerk in the jurisdiction in which the subject judge holds office." This is not

that court. The Court's limited jurisdictional grant does not empower it to assert subject matter jurisdiction over Plaintiff's claims, and this case must be dismissed.

## III.    Recommendation

Accordingly, having carefully reviewed Plaintiff's briefing and the record of this matter in light of the applicable law, and for the foregoing reasons;

**IT IS RECOMMENDED** that Plaintiff Johnny Godfrey, Jr.'s Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27th day of November, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE